UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
--------------------------------------------------------
KEITH WIGGINS,

                Petitioner,

        -v.-                                              9:06-CV-1436
                                                                       (NAM)(DRH)

DAVID M. UNGER, Superintendent, Orleans
Correctional Facility,

                Respondent.
--------------------------------------------------------

APPEARANCES:

KEITH WIGGINS
Petitioner, *pro se*
02-R-3996
Orleans Correctional Facility
35-31 Gaines Basin Road
Albion, NY 14411

**NORMAN A. MORDUE, Chief U.S. District Judge**

## ORDER

      Presently before the Court is a statement filed by Petitioner, Keith Wiggins, in accordance with this Court's January 11, 2007, Order.  Docket No. 5.

      Wiggins filed this action on November 29, 2006.  In his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, Wiggins complains of a July 23, 2002 judgment of conviction and sentence rendered in Ulster County Court after he pled guilty to criminal possession of a controlled substance.  Wiggins was sentenced to a term of 4½ to 9 years imprisonment.  Docket No. 1.  Wiggins stated in his petition that he filed a motion to vacate such conviction pursuant to New York CPL §440.  Although the petition alleged that the CPL §440 motion reached a final disposition on November 20, 2005, the petition did not indicate when the motion was originally filed in the trial court.  *Id.*  Thus, the Court had no basis on which to determine whether the petition was filed timely.  Accordingly, the

Court directed Wiggins to file a written statement setting forth the date on which the motion pursuant to CPL § 440 was filed. Docket No. 5.

In his written statement, Wiggins avers that he attempted to file a motion to vacate his conviction on September 14, 2005. Docket No. 6. The motion was, however, returned to him because it was filed in the wrong court. Wiggins states that he corrected his motion papers and forwarded them to the proper court on October 20, 2005. *Id.*

The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides that federal habeas petitions challenging a judgment of a State Court are subject to a one year statute of limitations. Specifically, 28 U.S.C. § 2244(d) reads:

> (1) A one year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State Court. The limitation period shall run from the latest of --
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

A judgment of conviction becomes final under the AEDPA at the conclusion of the ninety days

2

during which the party could have sought certiorari in the United States Supreme Court. *Hughes v. Irvin*, 967 F.Supp. 775, 778 (E.D.N.Y. 1997) (citing Rule 13 of Rules of the Supreme Court of the United States); *Allen v. Hardy*, 478 U.S. 255, 258 n. 1 (1986) (decision becomes final "where the availability of appeal [is] exhausted, and the time for petition for certiorari ha[s] elapsed."). Thus, Wiggins's conviction became final on or about October 21, 2002 and his one year statute of limitations began to run on that date. The one year statute of limitations expired on or about October 21, 2003. Thus, even utilizing the earliest date when Petitioner attempted to file his motion to vacate, September 14, 2005, the statute of limitations for bringing this action had already expired. *See Smith v. McGinnis*, 2000 WL 271714 (2d Cir. 1999) (state court challenge tolls but does not reset statute of limitations). Consequently, the petition is time-barred under the AEDPA and must be dismissed.

WHEREFORE, it is hereby

ORDERED, that this action is DISMISSED, and it is further

ORDERED, that the Clerk serve a copy of this Order on the Petitioner by certified mail.

IT IS SO ORDERED.

DATE: February 6, 2007

Norman A. Mordue
Chief United States District Court Judge