UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------
KEITH WIGGINS,

                       Petitioner,

          v.                                                        9:06-CV-1436
                                                                           (NAM)(DRH)

DAVID M. UNGER, Superintendent, Orleans
Correctional Facility,

                       Respondent.
-----------------------------------------------------------

APPEARANCES:

KEITH WIGGINS
02-R-3996
Orleans Correctional Facility
35-31 Gaines Basin Road
Albion, NY 14411
Petitioner, *Pro Se*

**NORMAN A. MORDUE, CHIEF U.S. DISTRICT JUDGE**

## **ORDER**

Petitioner Keith Wiggins ("petitioner" or "Wiggins") has filed a motion for relief from judgment[1] and an appeal from a magistrate judge's order. Dkt. Nos. 17-18.

**I.    BACKGROUND**

Petitioner filed this action on November 29, 2006. On January 11, 2007, the Court ordered petitioner to file a statement with additional facts to demonstrate that he timely filed this action. Dkt. No. 5. Petitioner complied with the order and, thereafter, this Court dismissed the petition. The basis for the dismissal was that the action was barred by the applicable statute of limitations. Dkt. No. 7. Petitioner filed a notice of appeal on February 14, 2007, and a motion for a certificate of appealability on April 3, 2007. The motion for certificate of appealability was denied on April 19, 2007. Dkt. No. 16.

---

[1] This was docketed as a motion for reconsideration.

**II.     MOTION FOR RELIEF FROM JUDGMENT**

The motion for relief from judgment, brought pursuant to Rule 60(b)(1) of the Federal Rules of Civil Procedure, addresses this Court's April 19, 2007, order denying petitioner a certificate of appealability. Dkt. No. 16.  Petitioner seems to allege that the Court failed to consider the merits of the claims set forth in the habeas petition and misinterpreted the requirement that the petitioner make a substantial showing of the denial of a constitutional right.  Petitioner, however, does not address the timeliness of the petition which was the basis for the dismissal of this action.

> Rule 60(b) sets forth the following six grounds upon which relief from judgment can be granted:
>
> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

In deciding a Rule 60(b) motion, "a court must balance the policy in favor of hearing a litigant's claims on the merits against the policy in favor of finality." *Kotlicky v. United States Fidelity & Guar. Co.*, 817 F. 2d 6, 9 (2d Cir. 1987).  Moreover, Rule 60(b) motions are left to the sound discretion of the district judge.  *See* Fed.R.Civ.P. Rule 60(b).

The Court finds that Wiggins has not established any of the above factors in his motion. Additionally, Wiggins has included nothing in his present submissions to suggest that the dismissal of this action was in any way erroneous.  Since Wiggins sets forth no credible basis for vacating the judgement dated April 19, 2007, his motion must be denied.

### III.     APPEAL FROM MAGISTRATE JUDGE'S ORDER.

Also before the Court is petitioner's objections to Magistrate Judge Homer's rejection order dated April 16, 2007. Dkt. No. 15. That order rejected petitioner's March 28, 2007,[2] motion to expand the record because the case was closed on February 6, 2007. The rejection order also advised petitioner that "[i]f your action is remanded to this Court once your appeal has been decided, you may resubmit your motion." *Id.*

Petitioner alleges that the motion to expand the record was directed at the request for a certificate of appealability, and that he was seeking to add documents in support of that motion. Dkt. No. 18. However, Rule 7 (a) governing the expansion of the record in habeas proceedings provides that "***[i]f the petition is not dismissed***, the judge may direct the parties to expand the record by submitting additional materials ***relating to the petition***." Rule 7 of the Rules Governing Habeas Corpus Proceedings (emphasis supplied). In light of the fact that the petition had been dismissed, and that dismissal was on appeal at the time petitioner's motion to expand the record was rejected, the rejection of the motion to expand the record was proper.

In addition, in light of petitioner's *pro se* status, and in light of the motion to vacate this Court's order denying petitioner a certificate of appealability as discussed above, the Court has reviewed the rejected motion and its attachments. Upon such review, the Court finds that these documents would have had no impact on this Court's decision to deny petitioner a certificate of appealability. Accordingly, petitioner's appeal from the Magistrate's Rejection Order must be denied.

WHEREFORE, it is hereby

ORDERED that petitioner's motion to vacate judgment (Dkt. No. 17) is DENIED, and it is further

---

[2] The Motion was signed by petitioner on March 28, 2007, and filed with the Court on or about April 17, 2007.

ORDERED that petitioner's appeal from the Magistrate's decision (Dkt. No. 18) is DENIED, and it is further

ORDERED that the Clerk of the Court serve a copy of this Order on the petitioner by regular mail.

IT IS SO ORDERED.

Dated: June 7, 2007

_____
Norman A. Mordue
Chief United States District Court Judge